**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Tracee Croomes,<br><br>    Plaintiff,<br><br>vs.<br><br>Stream Global Services - AZ, Inc.,<br><br>    Defendant. | No. CV11-0141-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Dismiss Due to Plaintiff's Non-compliance with Discovery Requests, Doc. 22, and Plaintiff's Motion for Extension of Time, Docs. 30 & 33.[1] The Court now rules on the motions.

**I.     BACKGROUND**

Plaintiff pro se Tracee Croomes filed this employment discrimination case against Defendant. On November 18, 2011, Defendant served Plaintiff with Defendant's First Set of Non-Uniform Interrogatories and Requests for Production. Doc. 18. On November 29, 2011, Defendant served Plaintiff with its Notice of Deposition of Plaintiff Tracee Croomes. Doc. 21. The deposition was scheduled for December 28, 2011 at 9 a.m., at the offices of Farhang and Medcoff, PLLC in Phoenix, Arizona. Doc. 22 at 2. On December 21, 2011, Defendant mailed a letter to Plaintiff stating that Defendant had not yet received responses

---

[1] Plaintiff's response and motion were twice filed. Docs. 30 & 33 are identical.

to its discovery requests and reminding Plaintiff of her upcoming deposition. *Id.* Defendant also called Plaintiff to remind her of the deposition but was unable to reach Plaintiff. *Id.* at 3.

Plaintiff did not appear for her deposition on December 28, 2011, and contacted Defendant's counsel at approximately 4:30 p.m. on December 28, 2011 stating that she needed to reschedule the deposition. *Id.* Plaintiff alleges that she confused the dates and misread the Defendant's letters. Docs. 30 & 33 at 1. Plaintiff subsequently filed responses to Defendant's discovery requests, but objects to two of the interrogatories. Doc. 42.

## II.     SANCTIONS

### A.     Legal Standard

Federal Rule of Civil Procedure 37(d)(1)(A) states that, on motion, a court "may order sanctions if (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition; or (ii) a party, after being properly served with interrogatories under Rule 33 . . . fails to serve its answers, objections, or written response." FED.R.CIV.P. 37(d)(1)(A). Sanctions may include directing facts to be taken as established for the purposes of the action; prohibiting a party from arguing claims or introducing evidence; striking pleadings in whole or in part; staying further proceedings; dismissing the action in whole or in part; and rendering a default judgment. FED.R.CIV.P. 37(d)(3), 37(b)(2)(A). Severe sanctions, such as taking allegations as established, awarding a default judgment, or dismissing a claim, are "authorized only in extreme circumstances." *Refrac. Int'l, Ltd. v. Hitachi, Ltd.*, 921 F.2d 1247, 1254 (9th Cir. 1990) (citation omitted).

Dismissal of a complaint is only appropriate if the party absent at the deposition has evinced "willfulness, bad faith, or fault," *id.*, but a district court has "considerable discretion" to impose dismissal under such circumstances. *See Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990). The Ninth Circuit has applied a five-factor test in determining whether a party's conduct justifies the "harsh sanction of dismissal." *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995). The court should weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

1 dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring
2 disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.*
3 (quoting *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993)); *see also Refrac Int'l*,
4 921 F.2d at 1254. "The first two of these factors favor the imposition of sanctions in most
5 cases, while the fourth cuts against . . . a dismissal sanction. Thus the key factors are
6 prejudice and the availability of lesser sanctions." *Henry*, 983 F.2d at 948 (quoting
7 *Wanderer*, 910 F.2d at 656 (omission in original).

8 "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability
9 to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l*
10 *Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). While delay alone is insufficient
11 prejudice, failure to produce documents when ordered is sufficient prejudice. *Id.* The Ninth
12 Circuit has held that failure to appear at a deposition is not prejudice if the deposition was
13 in fact taken before the motion for sanctions was heard. *See United States for the Use and*
14 *Benefit of Wiltec Guam, Inc. v. Kahaluu Const. Co.*, 857 F.2d 600, 604 (9th Cir. 1988)
15 (finding no prejudice when the plaintiff's deposition, though delayed, had been taken before
16 the date of the contempt motion hearing).

17 In evaluating the availability of lesser sanctions, a court must consider the "impact of
18 the sanction and the adequacy of less drastic sanctions." *Id.* (citing *Malone v. U.S. Postal*
19 *Serv.*, 833 F.2d 128, 132 (9th Cir. 1987)). The Ninth Circuit has promulgated a three-factor
20 analysis for determining whether a district court has considered alternatives to dismissal: (1)
21 Whether the court explicitly discussed the feasibility of less drastic sanctions and explained
22 why alternative sanctions would be inappropriate, (2) whether the court implemented
23 alternative sanctions before ordering dismissal, and (3) whether the court warned the party
24 of the possibility of dismissal before actually ordering dismissal. *Malone*, 833 F.2d at 132.

25 Regardless of whether dismissal is an appropriate sanction, the court "must instead
26 of or in addition to [any other] sanctions, . . . require the party failing to act, the attorney
27 advising that party, or both to pay the reasonable expenses, including attorney's fees, caused
28 by the failure, unless the failure was substantially justified or other circumstances make an

- 3 -

1  award of expenses unjust." FED.R.CIV.P. 37(d)(3). An award of expenses is appropriate even
2  if the failure to appear was negligent and not willful. *Lew v. Kona Hosp.*, 754 F.2d 1420,
3  1426-27 (9th Cir. 1985); *see also Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir.
4  1978). The imposition of sanctions for mere negligent failure to appear is justified by the
5  "possibility of light sanctions." *Lew*, 754 F.2d at 1426 (quoting FED.R.CIV.P. 37 advisory
6  committee notes). Light sanctions occur when a court declines to award the other types of
7  sanctions that Rule 37(d)(3) permits and thus only awards reasonable expenses. *See Lew*, 754
8  F.2d at 1426.

9  Despite Rule 37(d)(3)'s requirements, a court may nevertheless decline to award
10  reasonable expenses if the party who has failed to appear was "substantially justified or other
11  circumstances make an award of expenses unjust." FED.R.CIV.P. 37(d)(3). "[T]he burden of
12  showing substantial justification and special circumstances is on the party being sanctioned."
13  *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994). A party's failure to appear at
14  a deposition is substantially justified if there is "a good faith dispute concerning a discovery
15  question." *Id.* (citation omitted). An award of expenses is unjust when it has been the party's
16  attorney, rather than the party, that has caused the failure to appear at the deposition. *See*
17  *Hyde & Drath*, 24 F.3d at 1172. Financial indigence by itself does not necessarily make an
18  award of expenses unjust. *See Bosworth v. Record Data of Maryland, Inc.*, 102 F.R.D. 518,
19  521 (D. Md. 1984) (there is no per se rule for imposing or not imposing Rule 37 sanctions
20  against an indigent plaintiff pro se).

21  **B.     Discussion**

22  Defendant has moved for Plaintiff's complaint to be dismissed with prejudice, or in
23  the alternate, for an award of expenses incurred as a result of Plaintiff's failure to appear for
24  her noticed deposition. Doc. 22 at 5. Defendant's motion complies with Rule 37(d)(1)(B)'s
25  certification requirement, and Plaintiff does not dispute that she failed to appear at her
26  properly noticed deposition. The Court thus first applies the five-factor test from *Anheuser-*
27  *Busch* to determine whether dismissal of Plaintiff's complaint is warranted as a sanction for
28  Plaintiff's noncompliance with the discovery requirement.

- 4 -

The first two factors, the public's interest in expeditious resolution of litigation and the court's need to manage its dockets, favor the imposition of sanctions. The fourth factor, the public policy favoring the disposition of cases on their merits, cuts against a dismissal sanction. *Henry*, 983 F.2d at 948; *Wanderer*, 910 F.2d at 656. Accordingly, the Court turns to the "key factors [of] prejudice and the availability of lesser sanctions." *Henry*, 983 F.2d at 948 (quoting *Wanderer*, 910 F.2d at 656). In evaluating prejudice, the relevant question is whether Plaintiff's failure to appear at her deposition interfered with Defendant's ability to defend itself against her claims and obtain a decision in the case. *See Wanderer*, 910 F.2d at 656.

Plaintiff's singular failure to appear at her deposition does not rise to the level of noncompliance shown by the defendants in *Wanderer*, where the defendants not only failed to appear at their depositions, but repeatedly failed to comply with court orders to produce documents. There, the Ninth Circuit held that the defendants' actions were prejudicial. *Wanderer*, 910 F.2d at 656. Nor does Plaintiff's failure to appear irreparably prejudice Defendant. *See Henry*, 983 F.2d at 948 (finding irreparable prejudice when the plaintiff's refusal to engage in discovery needlessly prolonged the case and resulted in a key defendant being unable to participate in the case prior to his death). In this case, Plaintiff's failure to appear has not affected Defendant's ability to defend itself. In fact, Defendant and Plaintiff agree that, if the case is not dismissed, the deadlines for discovery and dispositive motions should be extended. Therefore, this factor weighs against dismissal of Plaintiff's case.

In evaluating the fifth *Anheuser-Busch* factor, the availability of lesser sanctions, the Court applies the three-factor analysis from *Malone v. United States Postal Service*. The first factor concerns a district court's adequate explanation of its reasoning in imposing sanctions and is not relevant here. The second factor evaluates whether a court has implemented alternative sanctions before ordering dismissal. *Malone*, 833 F.2d at 132. This is Plaintiff's first failure to follow the discovery rules; therefore, the Court has not had a prior opportunity to implement any sanctions. It would be improper for the Court to order dismissal when the Court has not previously implemented lesser alternative sanctions. This factor thus weighs

1  in favor of the availability of lesser sanctions. The third factor of the *Malone* test requires
2  that a court has warned the party of the possibility of dismissal before ordering dismissal. *Id.*
3  Because the Court has not previously warned Plaintiff of the possibility of dismissal, actually
4  ordering dismissal would be inappropriate. *Cf. Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d
5  298, 302-03 (2d Cir. 2009) (dismissing a plaintiff pro se's employment discrimination claim
6  for plaintiff's failure to appear at a deposition after "repeated and explicit warnings" that
7  noncompliance with numerous court orders would result in dismissal). Accordingly, the two
8  relevant *Malone* factors weigh in favor of the availability of lesser sanctions. Based on this,
9  the Court finds that the fifth *Anheuser-Busch* factor weighs against the dismissal of Plaintiff's
10 case.

11 Since both of the key *Anheuser-Busch* factors weigh against the dismissal of
12 Plaintiff's case, dismissal is not appropriate. Plaintiff's failure to appear at her deposition is
13 not "extreme circumstances." *Refrac. Int'l*, 921 F.2d at 1254.

14 In the alternative, Defendant asks the Court to award reasonable expenses, including
15 attorneys' fees, for Plaintiff's failure to appear at her deposition. Rule 37(d)(3) requires the
16 Court to award Defendant such expenses, unless Plaintiff satisfies her burden of proving that
17 her failure to appear at her deposition was substantially justified or that other circumstances
18 make an award of expenses unjust. Plaintiff admits that she failed to appear at the deposition
19 because she "confused the dates and miss-read [sic] the letters from defendant." Doc. 30 at
20 1. There is no evidence of a good faith discovery dispute that would substantially justify
21 Plaintiff's nonappearance. Accordingly, Plaintiff was not substantially justified in failing to
22 appear at her deposition, and the circumstances do not make an award of reasonable expenses
23 unjust.

24 Defendant shall, on or before fourteen (14) days from the date of this Order, file a
25 motion for reasonable expenses, including attorneys' fees, incurred as a result of Plaintiff's
26 failure to appear at her deposition. The motion must comply with Local Rule of Civil
27 Procedure 54.2. At the time that such motion is filed, the Court may then consider Plaintiff's
28 arguments in determining whether the requested expenses are reasonable.

Furthermore, Plaintiff shall, on or before seven (7) days from the date of this Order, appropriately comply with all discovery requests.[2]

### III. EXTENSION OF DEADLINES

Plaintiff moves for an extension of the discovery deadline and the dispositive motion deadline. Docs. 30 & 33 at 2. Defendant agrees that the Court should extend the deadlines. Doc. 22 at 4-5.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** denying in part and granting in part Defendant's Motion to Dismiss Due to Plaintiff's Non-compliance with Discovery Requests (Doc. 22) as set forth herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time (Docs. 30 & 33) is granted as follows:

The discovery deadline set in this Court's November 22, 2011 Order (Doc. 20 at 1) is extended from January 9, 2012 to April 30, 2012.

The dispositive motion deadline set in this Court's November 22, 2011 Order (Doc. 20 at 1) is extended from January 30, 2012 to May 30, 2012.[3]

**IT IS FURTHER ORDERED** that, within 7 days of the date of this Order, Plaintiff shall appropriately comply with all pending discovery requests as set forth herein.

---

[2] The Court notes that Plaintiff has filed a Motion to Object to Non-Uniform Interrogatories from Defendant (Doc. 42). All Parties are reminded that, pursuant to this Court's Rule 16 Scheduling Order, Doc. 12 at 4, the Parties shall jointly contact the Court via conference call to request a telephonic conference prior to filing any written discovery motions. Accordingly, the Court will not consider Plaintiff's objection to Defendant's Non-Uniform Interrogatories (Doc. 42). If Plaintiff continues to object to any of Defendant's discovery requests, Plaintiff shall follow the procedure outlined in this Court's Rule 16 Scheduling Order (Doc. 12).

[3] The Court notes that Defendant has already filed a Motion for Summary Judgment (Doc. 35) currently pending before this Court and has not obtained leave of Court to file more than one motion for summary judgment as required by this Court's Rule 16 Scheduling Order (Doc. 12 at 4). Accordingly, the extension of the dispositive motion deadline shall only apply to Plaintiff.

**IT IS FINALLY ORDERED** that, within 14 days of the date of this Order, Defendant shall file a motion for attorneys' fees incurred as a result of Plaintiff's failure to appear at her deposition, in compliance with LRCiv 54.2.

DATED this 7th day of March, 2012.

James A. Teilborg
United States District Judge