**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tracee Croomes, | No. CV 11-0141-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Stream Global Services - AZ, Inc., | |
| Defendant. | |

Pending before the Court is Defendant Stream Global Services' Motion for Summary Judgment. Doc. 35. The Court now rules on the Motion.

**I.    BACKGROUND**

Plaintiff pro se Tracee Croomes filed this employment discrimination case against Defendant in Maricopa County Superior Court.[1] Defendant timely removed pursuant to 28 U.S.C. § 1441, stating that this Court has federal question jurisdiction under 28 U.S.C. § 1331 over Plaintiff's Title VII claims. Doc. 1 at 2. Plaintiff's Complaint alleges that Defendant terminated her employment "based on the color of [her] skin," and Plaintiff seeks $150,000 in lost wages, pain, and suffering. Doc. 1-2 at 2; Doc. 1-5 at 2.

Before bringing suit, Plaintiff appropriately sought relief from the Equal Employment

---

[1] As Stream notes in its motion, Croomes was actually employed by Stream's predecessor, eTelecare Global Solotions, Inc. The Court uses "Defendant" to collectively refer to both Stream and eTelecare.

Opportunity Commission ("EEOC") on September 8, 2009. Doc. 36-1 at 2. Plaintiff's EEOC complaint alleged that Defendant terminated her employment on March 26, 2009, based on her gender and race. *Id.* After filing her EEOC complaint, Plaintiff filed for bankruptcy on September 29, 2009. Doc. 36-1 at 4–5. While her bankruptcy proceedings were pending, the EEOC dismissed Plaintiff's complaint and issued her a right to sue letter on August 9, 2010. Doc. 36-3 at 18. Plaintiff then timely brought her initial suit in the Maricopa County Superior Court on November 8, 2010. Doc. 1-2 at 2. Defendants removed to this Court on January 21, 2011, and the Bankruptcy Court granted Plaintiff a discharge on January 31, 2012. Doc. 1 at 3; Doc. 45-1 at 11. The parties dispute whether Plaintiff disclosed her pending claim against Defendant to the Bankruptcy Court.

## II.   LEGAL STANDARD AND ANALYSIS

Defendant argues that the Court should apply the doctrine of judicial estoppel and grant summary judgment because Plaintiff is now taking a position inconsistent with her bankruptcy proceeding. Doc. 35 at 4–7. Specifically, Defendant asserts that Plaintiff was required to disclose her pending EEOC claim to the bankruptcy court and failed to do so, thus gaining an unfair advantage by taking inconsistent positions in each proceeding. *Id.* Plaintiff argues that she did disclose her claim against Defendant, both verbally and in a written document that she attached to her response to Defendant's Motion to Dismiss. Doc. 44.

Before the Court can reach the merits of the parties' arguments, the Court must first determine, sua sponte, whether it has subject matter jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (citation omitted) ("We are obligated to consider sua sponte whether we have subject matter jurisdiction."); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003) ("[I]nquiring whether the court has jurisdiction is a federal judge's first duty in every case."). Defendant's Motion for Summary Judgment, though arguing judicial estoppel, raises the threshold issue of standing by presenting evidence of Plaintiff's bankruptcy. Thus, the Court must consider whether the case should be dismissed for lack

- 2 -

1  of subject matter jurisdiction before considering whether judicial estoppel applies. *Biesek v. Soo Line R.R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006) (stating that "the threshold issue is not whether to apply [judicial] estoppel but whether [the plaintiff] is the real party in interest."); *see also Marshall v. Honeywell Tech. Solutions, Inc.*, 675 F. Supp. 2d 22 (D. D.C. 2009) ("Before a court may address the merits of a complaint, it must assure that it has jurisdiction to entertain the claims.") (citation omitted) (internal quotations marks omitted). If the Court does not have jurisdiction, the Court cannot consider Defendant's Motion for Summary Judgment and it will be denied as moot.

In order for the Court to have jurisdiction over this case, Plaintiff must have standing to bring this action. *Local Nos. 175 & 505 Pension Trust v. Anchor Capitol Advisors*, 498 F.3d 920, 923 (9th Cir. 2007) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)) ("Standing is the threshold issue of any federal action, a matter of jurisdiction because 'the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III.'"). When Plaintiff filed her bankruptcy petition, she created a bankruptcy estate. 11 U.S.C. § 541(a) ("The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held: . . . all legal or equitable interests of the debtor in property as of the commencement of the case . . . . [and] [a]ny interest in property that the estate acquires after the commencement of the case."). Section 541 is broad in scope and includes causes of action. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 n.9 (1983).

Where the events giving rise to a plaintiff's discrimination claim occur before the plaintiff files for bankruptcy, the discrimination claim is part of the bankruptcy estate, whether or not the claim is properly disclosed to the Bankruptcy Court. *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 306 (5th Cir. 2001) (citations omitted) ("Wieburg filed for bankruptcy after the events giving rise to her discrimination claims had occurred. Therefore, . . . those claims are property of the bankruptcy estate and should have been disclosed in Wieburg's bankruptcy schedules.").

1       The bankruptcy Trustee, and not Plaintiff as debtor, has the exclusive right to sue on
2 behalf of the bankruptcy estate. *In re Estate of Spirtos*, 443 F.3d 1172, 1176 (9th Cir. 2006)
3 ("[T]he bankruptcy code endows the bankruptcy trustee with the exclusive right to sue on
4 behalf of the estate."); *see also* 11 U.S.C. § 323(b) ("The trustee in a case under this title has
5 capacity to sue and be sued."); *Wieburg*, 272 F.3d at 307 ("Trustee is the real party in interest
6 and . . . Wieburg lacked standing to pursue the discrimination claims."); *In re Eisen*, 31 F.3d
7 1447, 1451 n.2 (9th Cir. 1994) ("Once appointed a trustee, the debtor's assets and claims pass
8 to the trustee, making the trustee the proper party in interest, and the only party with standing
9 to appeal the bankruptcy court's order.") (citation omitted) (internal quotation marks
10 omitted); *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707–09 (9th
11 Cir. 1986) (holding that debtor's claim of emotional distress properly belonged to the
12 bankruptcy estate).

13       Here, there is no dispute that the events giving rise to Plaintiff's claim occurred before
14 she filed for bankruptcy. Further, Plaintiff has presented no evidence that she ever properly
15 disclosed her employment discrimination claim to the Bankruptcy Court. Consequently,
16 Plaintiff's discrimination claim is the property of the bankruptcy estate, and the Trustee alone
17 has the capacity to sue on behalf of the bankruptcy estate. Thus, Plaintiff does not have
18 standing and the Court is without subject matter jurisdiction. Rather than dismiss the case,
19 however, the Court must allow the Trustee a chance to intervene if the Trustee is so inclined.
20 *See Marshall v. Honeywell Technology Solutions, Inc.*, 675 F.Supp.2d 22, 26 (D. D.C. 2009)
21 (where Trustee was real party in interest because Plaintiff failed to disclose case as
22 bankruptcy asset and, thus, lacked standing, Court found that Federal Rule of Civil Procedure
23 17(a)(3) required it to give Trustee an opportunity to revive the case as the real party in
24 interest); Fed. R. Civ. P. 17(a)(3) ("The court may not dismiss an action for failure to
25 prosecute in the name of the real party in interest until, after an objection, a reasonable time
26 has been allowed for the real party in interest to ratify, join, or be substituted into the
27 action."); *Wieburg*, 272 F.3d at 309 (holding "[u]nder these circumstances, and in the light
28 of Rule 17(a)'s purpose of preventing forfeitures, we believe that it was an abuse of

- 4 -

discretion for the district court to dismiss the action without explaining why the less drastic alternatives of either allowing an opportunity for ratification by the Trustee, or joinder of the Trustee, were inappropriate.").[2]

### III.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. 35) is denied as moot.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall cause a copy of this Order to be filed in the U.S. Bankruptcy Court, District of Arizona, No. 09-BK-24328-CGC.

**IT IS FURTHER ORDERED** that, if the Trustee does not move to intervene within 15 days of the filing of this Order in Bankruptcy case No. 09-BK-24328-CGC, the Clerk of the Court shall dismiss this case and enter judgment for Defendants accordingly.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Extension of Time to Complete Discovery (Doc. 49) is denied, without prejudice, as moot.

///

///

///

///

///

---

[2] In *Biesek*, the Seventh Circuit Court of Appeals explained why courts should avoid applying judicial estoppel in cases where a bankruptcy trustee is the real party in interest: "Judges understandably favor rules that encourage full disclosure in bankruptcy. Yet pursuing that end by applying judicial estoppel to debtors' self-contradiction would have adverse effects on third parties: the creditors. [The plaintiff's] nondisclosure in bankruptcy harmed his creditors by hiding assets from them. Using this same nondisclosure to wipe out his FELA claim would complete the job by denying creditors even the right to seek some share of the recovery. Yet the creditors have not contradicted themselves in court. They were not aware of what [the plaintiff] has been doing behind their backs. . . . Judicial estoppel is an equitable doctrine, and using it to land another blow on the victims of bankruptcy fraud is not an equitable application." *Biesek*, 440 F.3d at 413.

**IT IS FINALLY ORDERED** that Defendant's Motion for Leave to File Second Motion for Summary Judgment on the Merits (Doc. 50) is denied, without prejudice, as moot. If the Trustee intervenes in this case, Defendant may re-file its Motion for Leave to File a Second Motion for Summary Judgment on the Merits.

DATED this 28th day of March, 2012.

*/s/ James A. Teilborg*
James A. Teilborg
United States District Judge

- 6 -