**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Tracee Croomes,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Stream Global Services - AZ, Inc.,<br><br>　　　　Defendant. | No. CV11-0141-PHX-JAT<br><br>**ORDER** |

      Pending before the Court is Defendant's Motion for Attorneys' Fees (Doc. 47). The Court now rules on the motion.

**I.     BACKGROUND**

      Plaintiff pro se Tracey Croomes filed this employment discrimination case against Defendant. On November 29, 2011, Defendant served Plaintiff with its Notice of Deposition of Plaintiff Tracee Croomes. (Doc. 21). The deposition was scheduled for December 28, 2011 at 9 a.m., at the offices of Farhang and Medcoff, PLLC in Phoenix, Arizona. (Doc. 22 at 2). On December 21, 2011, Defendant mailed a letter to Plaintiff stating that Defendant had not yet received responses to its discovery requests and reminding Plaintiff of her upcoming deposition. (*Id.*) Defendant also called Plaintiff to remind her of the deposition, but was unable to reach Plaintiff. (*Id.* at 3).

      Plaintiff did not appear for her deposition on December 28, 2011, and contacted Defendant's counsel at approximately 4:30 p.m. on December 28, 2011 stating that she

needed to reschedule the deposition. *Id.* Plaintiff alleged that she confused the dates and misread the Defendant's letters. (Docs. 30 & 33 at 1). Defendant subsequently moved for dismissal, or in the alternative an award of attorneys' fees, as a sanction for Plaintiff's noncompliance with discovery requests. (Doc. 22).

This Court found that Plaintiff's failure to appear at her deposition violated Rule 37(d)(1)(A) of the Federal Rules of Civil Procedure, and ordered Defendant to submit a properly supported motion for attorneys' fees and costs pursuant to Local Rule of Civil Procedure 54.2. (Doc. 43). On March 21, 2012, Defendant submitted its motion for attorneys' fees. (Doc. 47). On March 29, 2012, Plaintiff filed two responses. (Docs. 53 and 55).[1]

On March 29, 2012, this Court ruled on Defendant's Motion for Summary Judgment. The Court determined that Plaintiff had no standing to bring this case because the claim properly belonged to her bankruptcy estate, and ordered the case dismissed unless the bankruptcy trustee intervened. (Doc. 51).

## II. ATTORNEYS' FEES AND COSTS

### A. Legal Standard

A party sanctioned under Rule 37(d)(3) is required to pay "the reasonable expenses, including attorney's fees," caused by that party's failure to appear at her own deposition. FED.R.CIV.P. 37(d)(3); *see also Lew v. Kona Hosp.*, 754 F.2d 1420, 1426 (9th Cir. 1985) (upholding payment of "attorneys' fees and costs" as reasonable expenses under Rule 37). In assessing the reasonableness of a sanctions award based upon attorneys' fees and costs, a court must inquire into the reasonableness of the attorneys' fees and the costs. *Brown v. Baden (In re Yagman)*, 796 F.2d 1165, 1184-85 (9th Cir. 1986); *see also Mirch v. Frank*, 266 F. App'x 586, 588, 2008 WL 341429, at *2 (9th Cir. 2008) ("[r]easonableness is the benchmark for sanctions based on attorneys' fees").

### 1. Attorneys' Fees

---

[1] The Court assumes that Doc. 53 is Plaintiff's response, as Doc. 55 is a duplicate of an earlier filing in this case.

- 2 -

The Ninth Circuit applies a two-part "lodestar" approach to assess whether a requested award of attorneys' fees is reasonable. *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993); *see also Stokes v. Microsemi Corp.*, No. CV02-1689-PHX-LOA, 2003 WL 22114276, at *2 (D. Ariz. Sept. 10, 2003) (applying the lodestar methodology to Rule 37 sanctions); *Dong Ah Tire & Rubber Co., Ltd. v. Glasforms, Inc.*, No. C06-03359JF(RS), 2009 WL 3617786, at *1 (N.D. Cal. Oct. 29, 2009) ("[w]hen, as here, attorneys' fees are being awarded pursuant to the discovery sanctions provisions of Federal Rule of Civil Procedure 37, courts generally use the 'lodestar' approach to calculate the proper fee amounts."). First, the court must determine "the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Intel*, 6 F.3d at 622 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

The lodestar figure is presumptively reasonable, but in the second step of the lodestar approach, rare and exceptional circumstances can be taken into account for an enhancement of the lodestar figure. These circumstances are (1) when the hourly rate does not represent the attorneys' true market value (court can calculate by linking the attorneys' ability to the prevailing market rate), (2) when the litigation includes an extraordinary outlay of expenses and is exceptionally protracted (court can calculate by, for example, applying a standard rate of interest to the qualifying outlays and expenses), and (3) when there is an exceptional delay in the payment of fees (court can calculate by basing the award on current hourly rates or by adjusting the fee based on historical rates to reflect the present value). *Perdue v. Kenny A. ex rel. Winn*, __ U.S. __, 130 S.Ct. 1662, 1674-75 (2010). Nevertheless, "[a] strong presumption exists that the lodestar figure represents a reasonable fee, and therefore, it should only be enhanced or reduced in rare and exceptional cases." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)) (internal quotation marks omitted).

**2.    Costs**

Costs are not considered in determining the reasonableness of attorneys' fees under the lodestar approach. *Rouse v. Law Offices of Rory Clark*, 603 F.3d 699, 704-705 (9th Cir.

2010) ("costs . . . are often fixed by statute or local rule and bear no direct causal relationship to the reasonableness of attorneys' fees"). Accordingly, a court must separately evaluate the reasonableness of requested costs.

Federal law governs the award of costs, *In re Merrill Lynch Relocation Mgmt., Inc.*, 812 F.2d 1116, 1120 n.2 (9th Cir. 1987) (citation omitted), and their recovery is permitted under Federal Rule of Civil Procedure 54(d). FED.R.CIV.P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."); *see also* 28 U.S.C. § 1920 (identifying taxable costs).

### B. Local Rule 54.2

The district courts are free to adopt local rules regarding the filing of motions for attorneys' fees and expenses. *See Lytle v. Carl*, 382 F.3d 978, 989 (9th Cir. 2004) (citing *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 453-54 (1982)); *see also Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 582 (9th Cir. 2010) (quoting *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979) ("Only in rare cases will we question the exercise of discretion in connection with the application of local rules").

In the District of Arizona, motions for attorneys' fees and costs are governed by Local Rule of Civil Procedure 54.2.[2] Such motions must (1) specify the amount of fees and costs sought; (2) discuss the moving party's eligibility and entitlement for the requested expenses; (3) discuss the reasonableness of the requested award; (4) provide supporting documentation; and (5) give an itemized account of the time expended and expenses incurred. LRCiv. 54.2.

A motion for attorneys' fees and expenses must "cite the applicable statutory or contractual authority upon which the movant seeks an award of attorneys' fees and related non-taxable expenses." LRCiv 54.2(c)(1). "If the moving party claims entitlement to fees for preparing the motion and memorandum for award of attorneys' fees and related non-taxable

---

[2] The Court ordered Defendant to submit its motion for attorneys' fees and costs under Rule 37 according to Local Rule 54.2. (Doc. 43 at 8).

- 4 -

1  expenses, such party also must cite the applicable legal authority supporting such specific
2  request." LRCiv 54.2(c)(2). A motion must also discuss the reasonableness of the requested
3  award, using the factors provided in the Local Rule, such as the time required, novelty of the
4  questions presented, the customary fee charged, and so forth. LRCiv 54.2(c)(3).

5  Additionally, a motion must be supported by sufficient documentation. Local Rule 54
6  requires the moving counsel to certify that a good faith effort has been made to resolve any
7  disputes between the parties regarding attorneys' fees and costs. LRCiv 54.2(d)(1). Such a
8  statement must give the date of a personal consultation between the parties, the names of the
9  participating attorneys, and the outcome. *Id.* The attorneys' fees requested must be supported
10 by a copy of the fee agreement, a task-based itemized statement of fees, and an affidavit of
11 moving counsel which attests to the reasonableness of the fees. LRCiv 54.2(d)(1)-(5).
12 Similarly, the requested expenses must be itemized and particularly described. LRCiv
13 54.2(e)(3).

14 **C.  Discussion**

15 Defendant moves for Plaintiff to pay $8,476.50 in attorneys' fees and expenses
16 incurred as a result of Plaintiff's failure to appear at her deposition. (Doc. 47 at 1). In support
17 of its motion, Defendant has attached a memorandum of points and authorities, an affidavit
18 of Defendant's counsel, and itemized records of incurred expenses. As an initial matter, the
19 Court finds that Defendant's motion meets the requirements of Local Rule 54.2(b)(1),
20 54.2(b)(2), and 54.2(c)(1). The motion's attached memorandum specifies that the authority
21 on which Defendant seeks the award of fees and costs is this Court's March 8, 2012 order,
22 and identifies the amount requested as $8,476.50. (Doc. 47 at 2).

23 **1.  Attorneys' fees**

24 Defendant requests $7,732.50 in attorneys' fees, all of which was billed by
25 Defendant's lead counsel, a partner in Nutter, McClennen & Fish, LLP, who is the chair of
26 the firm's litigation department and charges an hourly rate of $495, which increased to $510
27 effective January 1, 2012. (Doc. 47-1 at 2-3). This attorney is lead counsel for Defendant, but
28 because she is based in Boston, she was required to travel to Phoenix to take Plaintiff's

1 deposition. Counsel reports in her affidavit that, in connection with Plaintiff's failure to
2 appear at her deposition, counsel spent 5 hours traveling from Phoenix to Boston; 0.5 hours
3 appearing at the deposition; 5 hours returning to Boston; 2.5 hours researching and drafting
4 the motion to dismiss; and 2.5 hours drafting the motion for attorneys' fees, including the
5 supporting memorandum and affidavit. (*Id.*)

6 The Court will not approve of Defendant's request for fees incurred in preparing the
7 motion for fees and costs. Local Rule 54.2(c)(2) states that "[i]f the moving party claims
8 entitlement to fees for preparing the motion and memorandum for award of attorneys' fees
9 and related non-taxable expenses, such party also must cite the applicable legal authority
10 supporting such specific request." LRCiv 54.2(c)(2). Defendant has not cited any legal
11 authority in support of its claim for counsel's time spent in preparing Defendant's motion for
12 fees and costs, and this Court did not state in its March 8, 2010 order (Doc. 43) that
13 Defendant was entitled to such fees. Accordingly, Defendant is not entitled to payment for
14 the 2.5 hours of attorney time spent in preparing its motion for fees and costs.

15 Nor is Defendant entitled to the fees incurred for counsel's 10 hours of travel time
16 between Phoenix and Boston. Defendant acknowledges that Local Rule 54.2(e)(2)(D) states
17 that "[o]rdinarily air travel time should not be charged" but argues that under *Johnson v.*
18 *Credit Int'l*, 257 F. App'x 8 (9th Cir. 2007), Defendant is entitled to have its own attorney
19 attend the deposition, regardless of whether travel is involved. In *Johnson*, the district court
20 denied recovery for the travel time of the plaintiff's attorney, who had to travel from Chicago
21 to San Francisco for the plaintiff's deposition. 257 F. App'x at 10. The district court based
22 its denial on the fact that the attorney "had not presented any reason why local counsel could
23 not have attended the deposition." *Id.* The court noted that "[i]f the travel time was
24 reasonably expended, the travel costs should also be recoverable," and remanded to the
25 district court for further consideration. *Id.*

26 As an unpublished opinion, *Johnson* is not precedent and thus is not binding upon this
27 Court. *See* 9TH CIR.R. 36-3. More compellingly, *Johnson* did not involve a local rule similar
28 to our Local Rule 54.2(e)(2)(D), which clearly states that travel time should not be charged

- 6 -

1 unless services were performed during the travel time. LRCiv 54.2(e)(2)(D); *see also Lytle*,
2 382 F.3d at 989 (upholding the validity of local rules). Defendant has not described any
3 services that counsel performed during her travel to and from Boston. Therefore, Defendant
4 is not entitled to payment for the 10 hours of attorney time spent in travel.

5 Defendant is entitled to payment for the remaining time billed of 3 hours. Defendant
6 has otherwise complied with Local Rule 54.2(c) and 54.2(d). The Court has carefully
7 reviewed the billing records and determines that counsel's itemized statement specifically
8 identifies the work performed and its connection to Plaintiff's deposition. Under the lodestar
9 analysis, the Court first multiplies the hours reasonably expended by the reasonable hourly
10 rate. Expending 0.5 hours at the deposition is reasonable in light of Plaintiff's failure to
11 appear, expending 1 hour in drafting a motion to dismiss is reasonable, and expending 1.5
12 hours in researching the law and conferring with two parties regarding a motion is
13 reasonable. An hourly rate of $495 (or $510) is reasonable for a partner of a large Boston law
14 firm who is also the manager of the litigation department. The lodestar figure, using
15 counsel's corresponding hourly rates of $495 and $510, is $1,507.50. There is a "strong
16 presumption" that this is a reasonable fee, and this is not a rare or exceptional case that
17 justifies an adjustment. *Fischer*, 214 F.3d at 1119 n.4. Therefore, the Court finds that
18 Defendant is entitled to $1,507.50 in attorneys' fees.

19 **2.    Costs**

20 Defendant requests payment for $744 in costs incurred in connection with Plaintiff's
21 failure to appear at her deposition. (Doc. 47-1 at 3). Specifically, Defendant requests $439
22 for counsel's round-trip airfare from Boston to Phoenix, $157 for one night in a Phoenix
23 hotel, and $148 for a deposition transcript. (*Id.*) In support of its request, Defendant has
24 properly attached to its motion copies of receipts for each expense. *See* LRCiv 54(e)(3).
25 Plaintiff does not challenge any of Defendant's costs, but the Court will not award any costs
26 to Defendant. Although there is no per se rule that financial indigency "will tilt against the
27 imposition of Rule 37 sanctions," *see Bosworth v. Record Data of Md., Inc.*, 102 F.R.D. 518,
28 521 (D.C. Md. 1984), the Court considers Plaintiff's financial condition in determining the

1 appropriate extent of sanctions. Plaintiff is experiencing, in her words, "extreme financial
2 difficulties." (Doc. 53 at 1). Accordingly, the Court will not grant Defendant's motion as to
3 costs.

### III.  CONCLUSION

Defendant is entitled to payment for the $1,507.50 that it reasonably incurred in attorneys' fees in connection with Plaintiff's deposition.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Attorneys' Fees (Doc. 47) is granted in the amount of $1,507.50.

DATED this 12th day of April, 2012.

James A. Teilborg
United States District Judge