Tracee Croomes
PO Box 11412
Tempe, AZ 85284

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TRACEE CROOMES,<br><br>Plaintiff,<br><br>v.<br><br>STREAM GLOBAL SERVICES – AZ, INC.,<br><br>Defendant. | No. CV 11-0141-PHX-JAT<br><br>**PLAINTIFF'S MOTION TO COURT FOR RECONSIDERATION OF DISMISSAL (DOCUMENT # 60)** |

*THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.*

REFERENCE 5.4 (Rule Number/Section)

## Background

Plaintiff, Tracee Croomes filed an employment discrimination suit against Stream Global Services. Plaintiff, was treated unfairly and was discriminated against because of her race and gender in violation of the Title VII of the Civil Rights Act of 1964, as amended. The Plaintiff seeks damages for this illegal discharge.

Citing, <u>Equal Employment Opportunity Commission, v. Apria Healthcare group,Inc.</u>, 4:04-cv-443 (2004 ), Under the circumstances of this case, the Court cannot find sufficient evidence of an intent to practice a knowing misrepresentation or fraud based on the mere failure to list an EEOC charge in the bankruptcy proceeding. Cf. Ryan, 81 F.3d at 364; Taylor v. Comcast Cablevision of Ark., Inc., 252 F.Supp.2d 793, 799 (W.D. Ark. 2003)

1.

(refusing to dismiss ADA action because plaintiff failed to include his EEOC administrative charge in his Chapter 7 bankruptcy where plaintiff relied on the advice of attorneys who did not direct him to make the disclosure and sought leave to reopen his bankruptcy estate, the results of which could benefit his creditors).

**Legal Standards.**

**Rule 12(b)(6).**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. A complaint shall not be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of her claim. Id.; see also Neitzke v. Williams, 490 U.S. 319, 327 (1989). When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir. 2003).

With respect to Apria's claim that plaintiff has failed to join a necessary party, EEOC responds that Apria has not cited any precedent in which an EEOC lawsuit has been dismissed for failure to name the bankruptcy trustee as a necessary party, and notes that an EEOC lawsuit may proceed independent of a bankruptcy action even when a party to the suit files for bankruptcy, citing Equal Employment Opportunity Comm'n v. Rath Packing Co.,

787 F.2d 318, 325-26 (8th Cir.), cert. denied sub nom Rath Packing Co. Creditors' Trust v. Equal Employment Opportunity Comm'n, 479 U.S. 910 (1986).

**A. Trustee as Necessary Party.**

The Court will address Apria's alternative argument first. Underlying Apria's assertion that the bankruptcy trustee is a necessary party to the EEOC's action is the premise that a Chapter 13 debtor-in-possession lacks standing to bring suit in her own name on behalf of the bankruptcy estate.

The Eighth Circuit Court of Appeals has not addressed this question but at least three other circuits have answered it in the affirmative. See Cable v. Ivy Tech State College, 200 F.3d 467, 472-74 (7th Cir. 1999); Olick v. Parker & Parsley Petroleum Co., 145 F.3d 513, 515 (2d Cir. 1998) (Chapter 13 debtor retains standing to litigate causes of action that, outside of bankruptcy, would belong to the debtor); Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1209 n.2 (3rd Cir. 1991). These rulings are grounded on the legislative history specific to Chapter 13 and the rationale that a trustee's participation is not needed to protect the rights of Chapter 13 creditors, because creditors' recovery in Chapter 13 is drawn from a debtor's earnings rather than from assets of the bankruptcy estate. See In re Dawnwood Properties/78, 209 F.3d 114, 116 (2d Cir. 2000).

The Eighth Circuit has discussed the nature of a Chapter 13 bankruptcy estate, significantly noting that creditors are paid from future earnings instead of assets. Handeen v. Lemaire, 112 F.3d 1339, 1349 (8th Cir. 1997). The Court stated that as a result, a debtor who meets specified requirements is permitted to "shield his property from seizure or

3.

liquidation," id., and unless the repayment plan or bankruptcy court provides otherwise, the debtor retains custody of his possessions. See 11 U.S.C. § 1306(b). The Eighth Circuit also observed that it is "the debtor's exclusive prerogative to file a proposed repayment plan, . . . and *he enjoys many of the powers normally reserved to a bankruptcy trustee,* see [11 U.S.C.] § 1303." Handeen, 112 F.3d at 1349 (emphasis added). The Court concluded that "the debtor exercises significant control over his Chapter 13 estate." Id.

Based on the Eighth Circuit's statements in Handeen, this Court believes the Eighth Circuit would join those courts which hold that a Chapter 13 debtor-in-possession has standing to bring suit in her own name on behalf of the bankruptcy estate. As a result, the Court rejects Apria's contention that the Chapter 13 trustee is a necessary party to this action.

**Conclusion.**

For the foregoing reasons, and the letter provided by the Trustee's office reiterating the Plaintiff's attempt to disclose to Trustee law suit against Stream Global Solutions, the Plaintiff motions the court to reconsider it's decision to dismiss the case in favor Defendant.

Dated this 29 day of May 2012.

Tracee Croomes
PO Box 11412
Tempe, AZ 85284

ORIGINAL of the foregoing mailed this
29 day of May 2012 to:

FARHANG & MEDCOFF, PLLC
4201 N. 24th Street, Suite 150
Phoenix, AZ 85016