**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tracee Croomes, | No. CV 11-0141-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Stream Global Services - AZ, Inc., | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion to Court For Reconsideration of Dismissal. (Doc. 60). The Court now rules on the Motion.

**I.    BACKGROUND**

Plaintiff pro se Tracee Croomes filed this employment discrimination case against Defendant in Maricopa County Superior Court.[1] Defendant timely removed pursuant to 28 U.S.C. § 1441, stating that this Court has federal question jurisdiction under 28 U.S.C. § 1331 over Plaintiff's Title VII claims. (Doc. 1 at 2). In her Complaint, Plaintiff alleged that Defendant terminated her employment "based on the color of [her] skin," and Plaintiff sought $150,000 in lost wages, pain, and suffering. (Doc. 1-2 at 2; Doc. 1-5 at 2).

Before bringing suit, Plaintiff appropriately sought relief from the Equal Employment

---

[1] As Stream notes in its motion, Croomes was actually employed by Stream's predecessor, eTelecare Global Solotions, Inc. The Court uses "Defendant" to collectively refer to both Stream and eTelecare.

Opportunity Commission ("EEOC") on September 8, 2009. (Doc. 36-1 at 2). Plaintiff's EEOC complaint alleged that Defendant terminated her employment on March 26, 2009, based on her gender and race. *Id.* After filing her EEOC complaint, Plaintiff filed for bankruptcy on September 29, 2009. (Doc. 36-1 at 4–5). While her bankruptcy proceedings were pending, the EEOC dismissed Plaintiff's complaint and issued her a right-to-sue letter on August 9, 2010. (Doc. 36-3 at 18). Plaintiff then timely brought her initial suit in the Maricopa County Superior Court on November 8, 2010. (Doc. 1-2 at 2). Defendants removed to this Court on January 21, 2011, and the Bankruptcy Court granted Plaintiff a discharge on January 31, 2012. (Doc. 1 at 3; Doc. 45-1 at 11).

Defendant then moved for summary judgment. In ruling on Defendant's motion, the Court determined that Plaintiff's claim belonged to the bankruptcy estate, and that the bankruptcy Trustee had the exclusive right to sue on behalf of the estate. (Doc. 51 at 3-4). Accordingly, Plaintiff lacked standing to bring her suit and the Court ordered the case dismissed unless the Trustee intervened. *Id.* at 5. Pursuant to this Order, the Clerk of the Court dismissed the case on May 8, 2012. (Doc. 60). On May 31, 2012, Plaintiff filed the instant motion for reconsideration. (Doc. 62).

## II.   LEGAL STANDARD

Although Plaintiff did not indicate which Federal Rule of Civil Procedure governed her Motion, a motion for reconsideration is appropriately brought under either Rule 59(e) or Rule 60(b). *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). If a motion for reconsideration is filed less than twenty-eight days after judgment, it will be construed as a Rule 59(e) motion to alter or amend a judgment. Here, Plaintiff's Motion was filed less than twenty-eight days after the action was dismissed, so the Court will apply the Rule 59(e) analysis.

"A Rule 59 motion should not be granted 'unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *McQuillion v. Duncan*, 343 F.3d 1012, 1014 (9th Cir. 2003) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)).  The Court

1 ordinarily will deny a motion for reconsideration absent a showing of manifest error or a
2 showing of new facts or legal authority that could not have been brought to the Court's
3 attention earlier with reasonable diligence. L.R.Civ.P. 7.2(g). No motion for reconsideration
4 may repeat any oral or written argument made by the movant in support of or in opposition
5 to the motion that resulted in the Order for which the party seeks reconsideration. *Id*.
6 Repeating arguments in a motion to reconsider may be grounds for denying the motion. *Id*.

### III. ANALYSIS

Plaintiff's Motion for Reconsideration largely consists of language from *E.E.O.C. v. Apria Healthcare Group, Inc.*, 222 F.R.D. 608, 612 (E.D. Mo. 2004). As a 2004 case, *Apria* does not represent a change in the controlling law. Additionally, as it consists of a discussion of the Eighth Circuit law regarding bankruptcy standing, it is not controlling law in this case, and would not warrant reconsideration of this Court's Order dismissing the case. Plaintiff does not otherwise present any new evidence, or suggest any way in which this Court committed clear or manifest error. Thus, Plaintiff is not entitled to reconsideration of this Court's March 29, 2012 Order.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Court for Reconsideration (Doc. 62) is denied.

DATED this 19th day of July, 2012.

James A. Teilborg
United States District Judge